IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

   v.

ARTURO CERVANTES-VALENCIA,

        Defendant.

No. 03:12-CR-159-HZ-1

OPINION

S. Amanda Marshall
United States Attorney
District of Oregon
Ryan W. Bounds
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, OR 97204

    Attorneys for Plaintiff

Ruben L. Iñiguez
Assistant Federal Public Defender
101 SW Main Street, Suite 1700
Portland, OR 97204

    Attorney for Defendant

1 - OPINION & ORDER

HERNANDEZ, District Judge:

On April 3, 2012, a federal grand jury indicted Defendant on one count of illegal reentry in violation of 8 U.S.C. § 1326(a). Defendant moves to dismiss the indictment. I grant Defendant's motion to dismiss.

## BACKGROUND

In a prior case before this Court, Defendant similarly had been charged with illegal reentry. USA v. Cervantes-Valencia, No. 11-CR-326-HZ-1 ("Cervantes-Valencia I"). In that case, the Government relied on a September 9, 1999 reinstatement of a January 13, 1998 removal order. Cervantes-Valencia I, April 25, 2012 Opinion, 6. I ruled that the January 1998 removal order was invalid because Defendant's waiver of his appeal rights did not satisfy due process. Id. at 9-10. I granted Defendant's motion to dismiss the indictment without prejudice. Id. at 16. Defendant's current indictment relies on a January 28, 1998 reinstatement of the same January13, 1998 removal order. To resolve the 1998 criminal charge, Defendant signed a plea agreement in March 1998. Gov't's Opp'n, Ex. 1.

## DISCUSSION

A necessary element of illegal reentry is that an alien "has been denied admission, excluded, deported, or removed or has departed the United States while an order of exclusion, deportation, or removal is outstanding." 8 U.S.C. § 1326(a)(1). The Government relies on a January 28, 1998 reinstatement as the basis for the current indictment. "A 'reinstatement' is an administrative procedure through which immigration officials can rely on a prior removal order to effect an alien's departure from the country bypassing the procedural requirements, and protections, of a regular removal proceeding." United States v. Arias-Ordonez, 597 F.3d 972,

978 (9th Cir. 2010) (citing 8 U.S.C. § 1231(a)(5)).  Each reinstatement can be traced back to a prior removal order.

Defendant moves to dismiss because the indictment relies on a reinstatement of the January 13, 1998 removal order, which has been found invalid.  "[A] successful collateral attack on a removal order precludes reliance on a reinstatement of that same order in criminal proceedings for illegal reentry."  Arias-Ordonez, 597 F.3d at 982.  Defendant has already successfully attacked the January 13, 1998 removal order in Cervantes-Valencia I.  Without a valid removal order or a reinstatement of a valid removal order, the indictment must be dismissed.  See id. at 978 ("The government's problem is that all of Arias-Ordonez's reinstatements were reinstatements of the original removal.  That removal was not legally sound.  Therefore, none of the reinstatements is legally any stronger than the original order.").

The Government does not dispute that the January 28th reinstatement is based on the January 13, 1998 removal order.  Gov't's Opp'n, 3.  Instead, the Government argues that Defendant waived his right to collaterally attack the reinstatement when he accepted the plea agreement.  Id.  In the plea agreement, Defendant agreed "not to contest, either directly or by collateral attack, the *reinstatement* of the prior order of removal, deportation, or exclusion."  Id. at Ex. 1 at 3 (emphasis added).  This is the same argument that the Government has previously raised in Cervantes-Valencia I.

For the same reasons in Cervantes-Valencia I, Defendant's plea agreement does not bar his collateral attack on the January 13, 1998 removal order.  April 25, 2012 Opinion, 14-16.  Defendant has not attacked the *reinstatement* of the prior removal order, but has successfully attacked the *prior removal order* itself.  The plea agreement only prohibited attacks on the reinstatement of the prior removal order in that proceeding.  Id. at 15 ("The plain language of the

3 - OPINION & ORDER

plea agreement shows that [Defendant] agreed to waive his rights as to that particular January 28, 1998 reinstatement only and did not waive his rights regarding any subsequent reinstatement orders, including the one forming the basis of the present indictment."). Defendant argues, and I agree, that agreement to a reinstatement of a prior removal order does not suddenly make the prior removal order valid.

The Government cites to United States v. Rivera-Velasquez to argue that the plea agreement bars Defendant's current attack on the prior removal order. 291 F. App'x 89 (9th Cir. 2008) (unpublished). In Rivera-Velasquez, the court enforced defendant's waiver of "any and all rights to appeal, reopen, or challenge in any way *the prior deportation hearing*." Id. at 90. However, the waiver in Rivera-Velasquez's plea agreement was broader than the plea agreement in this case. Id. In this case, Defendant only waived his right to attack the reinstatement as part of the March 1998 plea agreement. See April 25, 2012 Opinion, 16 ("Because the Government is 'held to the agreement's literal terms,' Defendant's 1998 plea agreement does not bar his collateral attack of the January 13, 1998 removal order.").

The Government further argues that it is unclear whether the "deportation hearing" referenced in Rivera-Velasquez's plea agreement was "the original source of defendant's removal order." Gov't's Opp'n, 5. In reviewing the parties' briefs submitted in Rivera-Velasquez, it is clear that the plea agreement referred to the defendant's original removal order. Def.'s Reply, Ex. A at 5-6; Ex. B at 5-6. Therefore, Rivera-Velasquez's plea agreement specifically barred an attack on the original removal order. Again, that is not the case here. Defendant's plea agreement does not bar his current attack on the January 13, 1998 removal order.

/ / /

4 - OPINION & ORDER

CONCLUSION

Based on the foregoing, Defendant's motion to dismiss the indictment [#9] is granted.

IT IS SO ORDERED.


Dated this  27th   day of April, 2012.


/s/ Marco A. Hernandez
MARCO A. HERNANDEZ
United States District Judge

5 - OPINION & ORDER